UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
_____X

HAROLD NANCE,

                          Petitioner,                    **ORDER**

          -against-                                      06-CV-0306 (ARR)

N.Y.C. POLICE DEPARTMENT,
81ST PRECINCT, MY AISHA WHALEY,

                          Respondents.
_____X

ROSS, United States District Judge:

On January 11, 2006, petitioner, a frequent filer in this Court,[1] filed the instant petition for a

writ of habeas corpus.  The Court grants petitioner's request to proceed *in forma pauperis*.  For the

reason set forth below, the Court directs petitioner to submit an amended petition within thirty (30)

days of the date of this Order.

Discussion

Pursuant to 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... in

violation of the Constitution or laws or treaties of the United States."  For claims that have been

adjudicated on the merits in state court proceedings, a petitioner must show that the state court

_____

[1]See Nance v. Doe, et al., No. 04-CV-4010 (ARR); Nance v. Sirasas, et al., No. 02-CV-3526
(ARR); Nance v. Hazell, et al., No. 02-CV-3525 (FB); Nance v. New York City Police Dep't, et al., No.
01-CV-0424 (FB); Nance v. Nathan's Restaurant, No. 00-CV-3085 (RR); Nance v. New York City
Transit Auth., No. 00-CV-3084 (RR); Nance v. Fleet Bank, et al., No. 00-CV-2212 (RR); Nance v. New
York City Police Dep't, et al., No. 99-CV-7729 (RR); Nance v. Bara, et al., No. 94-CV-2388 (JG); Nance
v. Senkowski, No. 91-CV-1695 (RR); Nance v. Hynes, et al., No. 90-CV-4140 (RR); Nance v.
Senkowski, No. 90-CV-0021 (RR); Nance v. Coughlin, No. 89-CV-3440 (RR); Nance v. Barr, No. 89-
CV-3047 (RR); Nance v. Barr, No. 88-CV-3829 (RR).

Dockets.Justia.com

proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As a prerequisite to habeas relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc) (petitioner must set forth in state court all of the essential factual allegations and legal premises asserted in his federal petition), cert. denied, 464 U.S. 1048 (1984). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in the state court, making federal habeas review more expeditious." Daye, 696 F.2d at 191. Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law. Jones, 126 F.3d at 413.

The instant petition cannot proceed as presented. First, petitioner provides scant information as to his criminal conviction. Petitioner indicates that he was convicted in criminal court in Brooklyn on September 24, 2004. Pet. ¶ 2. In the space on his petition where he is asked to indicate the crimes for which he was convicted, petitioner writes, "Not legally sure at this time. Open." Id. ¶

2

5. Apart from the name of his trial counsel, petitioner does not provide any other information as to his criminal conviction or his grounds for habeas relief. Petitioner attaches approximately 30 pages of documents to his petition which do not clarify his claims any further. The documents relate to: (1) an appeal petitioner filed to the State of New York Department of Motor Vehicles regarding a 2005 traffic conviction; (2) a 2001 action petitioner filed against the New York City Transit Authority regarding a slip and fall accident; (3) a 1998 case of food poisoning; and (4) a civil action petitioner filed regarding a 1996 car accident. See id., attachments. Thus, it is impossible for this Court to determine the status of petitioner's conviction or whether he has presented any grounds for habeas relief to the state court. Furthermore, petitioner does not provide any grounds for federal habeas review. Therefore, the petition is incomplete and may be prematurely filed.

Section 1983

Moreover, it is unclear whether petitioner actually intends on filing a habeas petition. Petitioner names the New York City Police Department, the 81st Precinct and My Aisha Whaley as respondents. However, the proper respondent in a habeas petition is the warden or superintendent of the facility where petitioner is in custody. In his petition, where he is asked what relief he seeks, petitioner writes, "Redress, Order, Award, Compensations." Pet. at 15. As petitioner requests damages, it is possible that he wishes to bring a complaint under 42 U.S.C. § 1983 against respondents for violations of his civil rights. Nevertheless, petitioner's submission fails to state a § 1983 claim against respondents.

In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327

3

(1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] … only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. To the extent plaintiff seeks to state a § 1983 claim against a municipal entity, such as the New York City Police Department and the 81st Precinct, he must bring the action against the City of New York. See Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (citing Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996)). In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, plaintiff must also show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Plaintiff does not allege that his rights were violated by the City of New York based on any officially adopted policy or custom. Moreover, petitioner does not identify who My Aisha Whaley is. If she is a private individual and not a state actor, then petitioner would not be able to maintain a § 1983 claim against her. See Pitchell, 13 F.3d at 547. Accordingly, to the extent plaintiff intends on bringing a § 1983 complaint against these three respondents, it would be dismissed for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

4

Conclusion

Nevertheless, if petitioner wishes to proceed with his habeas petition, he is directed to submit an amended petition, within thirty (30) days of the date of this Order.[2]  Petitioner is advised that the amended petition must state the details of his conviction, the grounds for which he seeks habeas review, and how he presented his habeas claim(s) in the state court.  Furthermore, petitioner must name as respondent the individual who has custody of him.  No response shall be required and all further proceedings shall be stayed for thirty (30) days or until petitioner has complied with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed.

SO ORDERED.

                                                            Allyne R. Ross
                                                            United States District Judge

Dated: January 30, 2006
       Brooklyn, New York

---

[2]A 28 U.S.C. § 2254 form petition is attached for petitioner's convenience.

5